**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (SBN: 48522)
ak@kazlg.com
Jason A. Ibey, Esq. (SBN: 284607)
jason@kazlg.com
Nicholas R. Barthel, Esq. (SBN: 319105)
nicholas@kazlg.com
245 Fischer Avenue, Suite D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

**HYDE & SWIGART**
Joshua B. Swigart, Esq. (SBN: 49422)
josh@westcoastlitigation.com
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LORI HUME, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>HEALTHY HALO INSURANCE SERVICES, INC. D/B/A BUYHEALTHINSURANCE.COM INSURANCE SERVICES,<br><br>Defendant. | Case No.:<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, ET SEQ.**<br><br>**JURY TRIAL DEMANDED** |

| Case # | *Hume v. Healthy Halo Insurance Services, Inc.* |
|---|---|
| **CLASS ACTION COMPLAINT** | |

# INTRODUCTION

1. The plaintiff LORI HUME ("Ms. Hume" or "Plaintiff") brings this Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of defendant HEALTHY HALO INSURANCE SERVICES, INC. D/B/A BUYHEALTHINSURANCE.COM INSURANCE SERVICES ("Healthy Halo" or "Defendant") in negligently and/or intentionally contacting Plaintiff on her cellular telephone, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, ("TCPA"), thereby invading Plaintiff's privacy. Plaintiff alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

# JURISDICTION AND VENUE

2. This Court has federal question jurisdiction because this case arises out of violation of federal law. 47 U.S.C. § 227(b).

3. Venue is proper in the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1391 because Healthy Halo:

(a) is authorized to conduct business in this district and has intentionally availed itself of the laws by conducting business in this district;

(b) does substantial business within this district;

(c) is subject to personal jurisdiction in this district; and

(d) Plaintiff was harmed by Defendant's conduct within this judicial district.

# PARTIES

4. Ms. Hume is, and at all times relevant was, a citizen and resident of the State of California, County of Orange, City of Trabuco Canyon, and is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

*KAZEROUNI LAW GROUP, APC*
*245 FISCHER AVENUE, UNIT D1*
*COSTA MESA, CA 92626*

5. Plaintiff is informed and believes, and thereon alleges, that Healthy Halo is, and at all times mentioned herein was, a privately held California corporation with its principal place of business in Burbank, California, is a "person" as defined by 47 U.S.C. § 153(39).

6. Upon information and belief, Healthy Halo is an active, registered corporation with the State of California's Secretary of State, and has a registered agent for service in Sacramento, California.

7. Plaintiff alleges that at all times relevant herein, Defendant conducted business in the State of California and in the County of Orange, and within this judicial district.

## FACTUAL ALLEGATIONS

8. At all times relevant, Plaintiff did not have a business relationship with Healthy Halo.

9. On or about December 3, 2018, at approximately 11:29 a.m., Healthy Halo sent Plaintiff a text message to her cellular telephone ending in "6851", from the telephone number (855) 225-4273. The text message read:

> IMPORTANT: Your health insurance coverage for 2018 will be expiring soon. Please call us at +18552254273 for more affordable options. Reply STOP to opt-out.

10. When this number is called, the caller is greeted with an automated message thanking the caller for contacting buyhealthinsurance, and prompting the caller to press keys to speak with a representative. Once entering the correct prompts, a caller is brought to health insurance advisors at buyhealthinsurance.com Insurance Services.

11. The text message sent to Plaintiff was impersonal in nature.

12. Upon information and belief, the text messages were based on a template.

13. Upon information and belief, Healthy Halo constructed the content of these text messages, and decided the timing of the sending of the message campaign.

14. Upon information and belief, Healthy Halo sent or transmitted, or had sent or transmitted on its behalf, the same or substantially similar unsolicited text messages *en masse* to thousands of customers' cellular telephones nationwide.

15. Upon information and belief, the automated text messaging system used by Healthy Halo to send the text messages has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

16. Upon information and belief, the automated text messaging system used by Healthy Halo to send the text messages also has the capacity to, and does, automatically dial telephone numbers stored as a list or in a database.

17. Defendant's telephonic communications were not made for emergency purposes, as defined by 47 U.S.C. § 227(b)(1)(A)(iii).

18. Defendant's telephonic communications were made to a telephone number assigned to a cellular telephone service for which Plaintiff incurs a charge, pursuant to 47 U.S.C. § 227(b)(1).

19. Defendant did not have prior express written consent to send the marketing text messages to Plaintiff's cell phone.

20. Through Defendant's aforementioned conduct, Plaintiff suffered an invasion of a legally protected interest in privacy, which is specifically addressed and protected by the TCPA.

21. Plaintiff was personally affected by Defendant's aforementioned conduct because Plaintiff was frustrated and distressed that Defendant annoyed Plaintiff with text message using an ATDS without her prior express consent to receive such text messages. This invaded Plaintiff's right to privacy.

22. Defendant's telephonic communication forced Plaintiff and other similarly situated class members to live without the utility of their cellular phones because they were occupied text messages, causing annoyance and lost time.

23. Plaintiff is informed and believes and here upon alleges, that the text messages were sent by Healthy Halo and/or Healthy Halo's agent(s), with Healthy Halo's permission, knowledge and/or control.

24. The text messages from Healthy Halo, or its agent(s), violated 47 U.S.C. § 227(b)(1)(A)(iii).

## CLASS ACTION ALLEGATIONS

25. Plaintiff brings this action on behalf of herself and on behalf of all others similarly situated.

26. Plaintiff represents, and is a member of the class (the "Class"), consisting of:

> All persons within the United States who were sent any text message by Defendant or its agent/s and/or employee/s to said person's cellular telephone made through the use of any automatic telephone dialing system, within the four years prior to the filing of this Complaint.

27. Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believes the members of the Class number in the several thousands, if not more. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

28. Plaintiff and members of the Class were harmed by the acts of Defendant in at least the following ways: Defendant, either directly or through its agent(s), illegally contacted Plaintiff and the members of the Class via their cellular telephones by using an ATDS, thereby causing Plaintiff and the Class

members to incur certain cellular telephone charges or reduce cellular telephone time for which Plaintiff and the members of the Class previously paid, and invading the privacy of said Plaintiff and the members of the Class. Plaintiff and the members of the Class were damaged thereby.

29. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class, and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserves the right to expand the Class definitions to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

30. The joinder of the members of the Class is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court. The Class can be identified through records of Defendant and/or its agents and records of wireless telephone carriers.

31. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact common to the Class predominate over questions which may affect individual members of the Class, including the following:

(a) Whether, within the four years prior to the filing of this Complaint, Defendant or its agent(s) sent any text messages without the prior express consent of the called party to members of the Class using an automatic dialing system;

(b) Whether the text messages were sent for marketing or solicitation purposes;

(c) Whether Defendant can meet its burden of showing Defendant obtained prior express written consent;

(d) Whether Defendant's conduct was knowing and/or willful;

(e) Whether Plaintiff and the members of the Class were damaged thereby, and the extent of damages for such violation; and

(f) Whether Defendant and its agent(s) should be enjoined from engaging in such conduct in the future.

32. As a person who received at least one text message from Healthy Halo using an ATDS without Plaintiff's prior express written consent, Plaintiff is asserting claims that are typical of the Class.

33. Plaintiff will fairly and adequately represent and protect the interests of the Class in that Plaintiff has no interest antagonistic to any member of the Class.

34. Plaintiff and the members of the Class have all suffered irreparable harm as a result of Defendant's unlawful and wrongful conduct. Absent a class action, the Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct. Because of the size of each individual Class member's claims, few, if any, members of the Class could afford to seek legal redress for the wrongs complained of herein.

35. Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the Telephone Consumer Protection Act.

36. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with federal law. The interest of members of the Class in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action for violation of privacy are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

37. Notice may be provided to the Class members by direct mail and/or email notice, publication notice and by other reasonable means.

38. Defendant has acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

## FIRST CAUSE OF ACTION

## NEGLIGENT VIOLATIONS OF THE TCPA

## 47 U.S.C. § 227 ET SEQ.

39. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

40. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227, *et seq*.

41. As a result of Defendant's negligent violations of 47 U.S.C. § 227, *et seq*., Plaintiff and the Class are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

42. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION

## KNOWING AND/OR WILLFUL VIOLATIONS OF THE TCPA

## 47 U.S.C. § 227 ET SEQ.

43. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

44. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227, *et seq*.

45. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227, *et seq*., Plaintiff and the Class are entitled to an award of $1,500.00

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

46. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff and the Class members pray for judgment against Defendant and the following relief:

- An order certifying the Class as requested herein;
- An order appointing Plaintiff to serve as the representative of the Class in this matter and appointing Plaintiff's Counsel as Class Counsel in this matter;
- An award of $500.00 in statutory damages to Plaintiff and each Class member for each and every negligent violation of 47 U.S.C. § 227(b)(1) by Defendant, pursuant to 47 U.S.C. § 227(b)(3)(B);
- An award of $1,500.00 in statutory damages to Plaintiff and each Class member for each and every knowing and/or willful violation of 47 U.S.C. § 227(b)(1) by Defendant, pursuant to 47 U.S.C. § 227(b)(3)(B);
- Pre-judgment and post-judgment interest;
- An order providing injunctive relief prohibiting such conduct in the future, pursuant to 47 U.S.C. § 227(b)(3)(A);
- An award of reasonable costs of suit;
- An award of reasonable attorneys' fees;
- Any other relief the Court may deem just and proper.

///
///
///
///
///
///

**TRIAL BY JURY**

47. Pursuant to the eleventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: February 1, 2019      Respectfully submitted,

**KAZEROUNI LAW GROUP, APC**

By:   s/ ABBAS KAZEROUNIAN
      ABBAS KAZEROUNIAN
      ATTORNEY FOR PLAINTIFF